UNITED STATES DISTRICT COURT
for the
Western District of Pennsylvania

| | | |
|---|---|---|
| ROBERT REPA AND JEAN REPA, HUSBAND AND WIFE,<br>*Plaintiffs,*<br><br>v.<br><br>FRANK NAPIERKOWSKI AND HILLTRUX TANK LINES, INC.,<br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:19-CV-101 (Erie) |

**COMPLAINT**

AND NOW, come the Plaintiffs, Robert Repa and Jean Repa, husband and wife, by and through their counsel Matthew J. Lager, Esquire, Adam E. Barnett, Esquire, and the law firm of Bernard Stuczynski Barnett & Lager, PLLC, and hereby files the instant Complaint as follows:

**THE PARTIES**

1. Plaintiff, Robert Repa is an adult individual residing at 360 Ravine Street, Meadville, Crawford County, Pennsylvania, 16335.

2. Plaintiff, Jean Repa is an adult individual residing at 360 Ravine Street, Meadville, Crawford County, Pennsylvania, 16335.

3. Defendant, Frank Napierkowski, is an adult individual currently residing at 18164 Clarksmill Road, Salineville, Ohio, 43945.

4. Defendant, Hilltrux Tank Lines, Inc. (hereinafter "Hilltrux"), is an Ohio corporation, engaged in the business, *inter alia*, of providing shipping and delivery services, with its principal place of business located at 200 Rosemont Road, North Jackson, Ohio, 44451-9631.

## JURISDICTION AND VENUE

5. Plaintiffs hereby incorporate, by reference hereto, the averments contained within Paragraphs 1 through 4, as if set forth fully herein.

6. Jurisdiction and venue are proper in the United States District for the Western District of Pennsylvania. This Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332 as follows:

   a. Plaintiffs are citizens of Crawford County, Pennsylvania;

   b. Defendant, Frank Napierkowski, is a citizen of Ohio;

   c. Defendant, Hilltrux, is incorporated and principally located in the State of Ohio; and

   d. The amount in controversy exceeds $75,000.00, exclusive of interests and costs.

## FACTUAL AVERMENTS

7. Plaintiffs hereby incorporate, by reference hereto, the averments contained within Paragraphs 1 through 6, as if set forth fully herein.

8. At all times material hereto, Plaintiff, Robert Repa, was a fire police officer in Cambridge Springs, Pennsylvania.

9. On May 2, 2017, at approximately 4:45 a.m., Mr. Repa, in the course and scope of his capacity as a fire police officer, was directing traffic at the intersection of State Route 6 and 19 with Kreitz Road and Zilhaver Road, in Cambridge Springs, Crawford County, Pennsylvania. Despite the four road names, this is a four-way intersection.

10. At the above time and place, Mr. Repa was working in an active emergency response area to divert traffic around a major fire occurring at the historic Riverside Inn, in Cambridge Springs.

11. At the above time and place, Defendant, Frank Napierkowski was operating a large tractor trailer, a 2011 Western Star 4900 (hereinafter "the Napierkowski vehicle") that was hauling an LBT tanker trailer.

12. At the above time and place, Defendant, Frank Napierkowski, was negligently and carelessly operating the Napierkowski vehicle in the southbound direction of State Route 6 and 19 in that, while making a left-hand turn onto Zilhaver Road, Mr. Napierkowski operated his truck in such a manner as to hit Mr. Repa, run over Mr. Repa's legs, and knock Mr. Repa over a guardrail into a ravine.

13. As a direct and proximate result of the negligence and carelessness of the defendants, as set forth more fully hereinunder, Plaintiff, Robert Repa, was injured and suffered serious and permanent injuries and permanent impairment of bodily function including as follows:

    a. Contusions, abrasions, and lacerations to numerous parts of his body;

    b. Fracture to the right distal tibia requiring surgical correction, including open reduction and internal fixation with placement of a tibial plate;

    c. Fracture to the right mid-to-proximal fibula;

    d. Fracture to the posterior malleolus of the left ankle;

    e. Avulsion fracture of the anterolateral tibia of the left ankle;

    f. Nail bed injury to the right great toe;

    g. Tuft injury to the left great toe near the distal phalanx;

    h. Medial impaction of the talus on the right lower extremity;

    i. Abrasion and wound dehiscence of the dorsum of the right foot;

    j. Post-surgical wound dehiscence on his right leg with complications, including osteomyelitis and renal failure, requiring irrigation, serial debridements, a wound vac, including vac changes during operative procedures, bedside wound vac changes, IV treatment, inpatient hospitalizations at skilled care facilities and hospitals, in-home nursing, and skilled care at wound clinics;

    k. Permanent scarring and disfigurement;

   l.   Shock to the nerves and nervous system;

14. As a direct and proximate result of the aforementioned injuries suffered by Plaintiff, Robert Repa, he has suffered the following damages

   a. Plaintiff, Robert Repa, has suffered and will suffer great pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life's pleasures;

   b. Plaintiff has been and will be required to expend large sums of money for surgical and medical attention, including hospitalizations, therapies, surgeries, medications, pain management, and physicians' services;

   c. Plaintiff has and will suffer a loss of earnings and earning capacity; and

   d. Plaintiff's general health, strength, and viability have been impaired.

15. At all times relevant to this action, Defendant, Frank Napierkowski, was an employee, servant, agent, or contractor of Defendant, Hilltrux Tank Lines, Inc., and was acting within the course and scope of his employment, servitude, agency, and/or contractual relationship when the above incident occurred.

## Count I
## Robert Repa v. Frank Napierkowski

16. Plaintiffs hereby incorporate, by reference hereto, the averments contained in Paragraphs 1 through 15, as if set forth fully herein.

17. The injuries sustained by Plaintiff, Robert Repa, were a direct result of the negligence and carelessness of the Defendant, Frank Napierkowski, as follows:

   a. Napierkowski operated his vehicle at an excessive rate of speed under the circumstances;

   b. Napierkowski failed to have his vehicle under proper and reasonable control;

   c. Napierkowski's vehicle collided with Plaintiff, a pedestrian;

   d. Napierkowski failed to steer his vehicle in such a manner as to avoid hitting Plaintiff;

    e.  Napierkowski failed to pay proper and reasonable attention to the position of Plaintiff, Robert Repa, as he turned onto Zilhaver Road;

    f.  Napierkowski operated his vehicle without regard for the rights, safety, and position of pedestrians and fire police on the road, including Plaintiff, Robert Repa;

    g.  Napierkowski was operating his vehicle while excessively tired at the time of the collision;

    h.  Napierkowski was operating his vehicle while distracted;

    i.  Napierkowski failed to operate his vehicle in a safe and proper manner;

    j.  Napierkowski failed to pass the emergency response area at a careful and prudent reduced speed reasonable for safely passing the emergency response area; and

    k.  Napierkowski failed to comply with the laws, rules and regulations of the Pennsylvania Motor Vehicle Code including 75 Pa.C.S.A. § 3714 (careless driving); 75 Pa.C.S.A. § 3361 (driving vehicle at safe speed); and 75 Pa.C.S.A § 3327 (Duty of driver in emergency response areas).

WHEREFORE, Plaintiff, Robert Repa, demands judgment against Defendant, Frank Napierkowski, in an amount in excess of seventy-five thousand dollars ($75,000.00) in compensatory damages, plus interest, costs, and delay damages pursuant to Pa.R.C.P. 238.

**A JURY TRIAL IS HEREBY DEMANDED.**

### Count II
### Jean Repa v. Frank Napierkowski

18. Plaintiffs hereby incorporate, by reference hereto, the averments contained in Paragraphs 1 through 17, as if set forth fully herein.

19. At all material times, Plaintiffs, Robert Repa and Jean Repa, were lawfully married as husband and wife.

20. As a direct and proximate result of the above-described incident, Plaintiff, Jean Repa, has suffered a loss of marital companionship, society, and services.

WHEREFORE, Plaintiff, Jean Repa, demands judgment against Defendant, Frank Napierkowski, in an amount in excess of seventy-five thousand dollars ($75,000.00) in compensatory damages, plus interest, costs, and delay damages pursuant to Pa.R.C.P. 238.

**A JURY TRIAL IS HEREBY DEMANDED.**

### Count III
### Robert Repa v. Hilltrux Tank Lines, Inc.

21. Plaintiffs hereby incorporate, by reference hereto, the averments contained in Paragraphs 1 through 20, as if set forth fully herein.

22. The injuries sustained by Plaintiff, Robert Repa, were a direct and proximate result of the negligence and carelessness of the Defendant, Hilltrux Tank Lines, Inc., as follows:

   a. Hilltrux failed to provide adequate and appropriate driver training to Defendant, Frank Napierkowski;

   b. Hilltrux failed to maintain its commercial motor vehicle in compliance with all safety rules, including Pennsylvania and Federal statutes, rules and regulations governing the operation and maintenance of vehicles, upon Pennsylvania and National roadways and highways;

   c. Hilltrux failed to make sure its drivers, including Defendant, Frank Napierkowski, were qualified to safely operate its vehicles in such a way as to not harm the public, including Plaintiff, Robert Repa;

   d. Hilltrux failed to supervise its drivers, including Defendant, Frank Napierkowski, to make sure its drivers are not operating vehicles in such a way to cause harm to the public, including Plaintiff, Robert Repa;

    e.    Hilltrux failed to make sure its drivers, including Defendant, Frank Napierkowski, were mentally, emotionally, and physically fit to operate a vehicle; and

    f.    Hilltrux encourages its drivers, including Defendant, Frank Napierkowski, to make faster deliveries resulting in its vehicles being operated at an excessive rate of speed, increased distractions and other unsafe driving actions.

23. As employer and/or contractor of Defendant, Frank Napierkowski, Hilltrux is vicariously liable for the negligent and careless actions and/or inaction of its employee, servant, agent, and/or contractor, Defendant, Frank Napierkowski, and for the injuries and damages caused to Plaintiffs as a result of this incident.

WHEREFORE, Plaintiff, Robert Repa, demands judgment against Defendant, Hilltrux Tank Lines, Inc., in an amount in excess of seventy-five thousand dollars ($75,000.00) in compensatory damages, plus interest, costs, and delay damages pursuant to Pa.R.C.P. 238.

**A JURY TRIAL IS HEREBY DEMANDED.**

## Count IV
### Jean Repa v. Hilltrux Tank Lines, Inc.

24. Plaintiffs hereby incorporate, by reference hereto, the averments contained in Paragraphs 1 through 23, as if set forth fully herein.

25. At all material times, Plaintiffs, Robert Repa and Jean Repa, were lawfully married as husband and wife.

26. As a direct and proximate result of the above-described incident, Plaintiff, Jean Repa, has suffered a loss of marital companionship, society, and services.

WHEREFORE, Plaintiff, Jean Repa, demands judgment against Defendant, Hilltrux Tank Lines, Inc., in an amount in excess of seventy-five thousand dollars ($75,000.00) in compensatory damages, plus interest, costs, and delay damages pursuant to Pa.R.C.P. 238.

**A JURY TRIAL IS HEREBY DEMANDED.**

Respectfully submitted

/s/ Matthew J. Lager
Matthew J. Lager
Pennsylvania Attorney ID: 314162
BERNARD STUCZYNSKI BARNETT & LAGER, PLLC
234 West Sixth Street
Erie, Pennsylvania 16507-1319
matt@erieinjury.com
814.452.6232
Fax 814.454.7488


/s/ Adam E. Barnett
Adam E. Barnett
Pennsylvania Attorney ID: 203865
BERNARD STUCZYNSKI BARNETT & LAGER, PLLC
234 West Sixth Street
Erie, Pennsylvania 16507-1319
adam@erieinjury.com
814.452.6232
Fax 814.454.7488

Attorneys for Plaintiffs
Robert Repa and Jean Repa