# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

# ERIE DIVISION

| | |
|---|---|
| ROBERT REPA and JEAN REPA, husband and, wife, | : : : |
| Plaintiffs, | : : CIVIL ACTION NO.: 1:19-CV-101 |
| vs. | : : **JURY TRIAL DEMANDED** |
| FRANK NAPIERKOWSKI and HILLTRUX TANK LINES, INC., | : : : |
| Defendants. | : |

## ANSWER TO COMPLAINT
## AND AFFIRMATIVE DEFENSES

AND NOW, come Defendants, Frank Napierkowski and Hilltrux Tank Lines, Inc., by and through their undersigned counsel, John T. Pion, Esquire, Jordan C. Hettrich, Esquire, and Pion, Nerone, Girman, Winslow & Smith, P.C., and hereby file their Answer and Affirmative Defenses to the Complaint in this matter.

## ANSWER

## THE PARTIES

1.  After reasonable investigation, Defendants are without information sufficient to admit or deny the allegations in paragraph 1 of the Complaint.

2.  After reasonable investigation, Defendants are without information sufficient to admit or deny the allegations in paragraph 2 of the Complaint.

3.  Defendants admit the allegations contained in paragraph 3 of the Complaint.

4.  Defendants admit the allegations contained in paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Defendants hereby incorporate by reference paragraphs 1 through 4 of their Answer as if more fully set forth herein.

6. Paragraph 6 of the Complaint states a legal conclusion to which no responsive pleading is necessary. To the extent that a responsive pleading is necessary, after reasonable investigation, Defendants are without information sufficient to admit or deny the allegations in subparts (a) and (d) of paragraph 6. The allegations in subparts (b) and (c) of paragraph 6 are admitted.

## FACTUAL AVERMENTS

7. Defendants hereby incorporate by reference paragraphs 1 through 6 of their Answer as if more fully set forth herein.

8. After reasonable investigation, Defendants are without information sufficient to admit or deny the allegations set forth in paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint is admitted in part. Specifically, it is admitted that on May 2, 2017, at approximately 4:45 a.m., Mr. Repa was directing traffic at an intersection of State Routes 6 and 19 with Kreitz Road and Zilhaver Road in Cambridge Springs, Crawford County, Pennsylvania. It is further admitted that the subject intersection is a four-way intersection. After reasonable investigation, Defendants are without information sufficient to admit or deny the remaining allegations set forth in paragraph 9 of the Complaint.

10. After reasonable investigation, Defendants are without information sufficient to admit or deny the allegations in paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in paragraph 11 of the Complaint.

12. Defendants deny the allegations of paragraph 12 of the Complaint and demand strict proof thereof.

13. Defendants deny the allegations of paragraph 13 of the Complaint, and all subparts therein, and demand strict proof thereof.

14. After reasonable investigation, Defendants are without information sufficient to admit or deny the allegations in paragraph 14 of the Complaint and, therefore, Defendants deny said allegations and demand strict proof thereof.

15. With respect to the allegations in paragraph 15 of the Complaint, it is admitted that Defendant, Frank Napierkowski, was an employee of Hilltrux Tank Lines, Inc. at the time of the subject accident, and was acting the course and scope of his employment at that time. Unless otherwise admitted, Defendants deny the allegations in Paragraph 15 of the Complaint and demand strict proof thereof.

## COUNT I

## ROBERT REPA v. FRANK NAPIERKOWSKI

16. Defendants hereby incorporate by reference paragraph 1 through 15 of their Answer as if more fully set forth herein.

17. Defendants deny the allegations of paragraph 17 of the Complaint, and all subparts therein, and demand strict proof thereof.

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor, and against Plaintiffs, along with such other and further relief as this Court deems just and appropriate.

## COUNT II

## JEAN REPA v. FRANK NAPIERKOWSKI

18. Defendants hereby incorporate by reference paragraph 1 through 17 of their Answer as if more fully set forth herein.

19. After reasonable investigation, Defendants are without information sufficient to admit or deny the allegations in paragraph 19 of the Complaint.

20. After reasonable investigation, Defendants are without information sufficient to admit or deny the allegations in paragraph 20 of the Complaint.

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor, and against Plaintiffs, along with such other and further relief as this Court deems just and appropriate.

## COUNT III

## ROBERT REPA v. HILLTRUX TANK LINES, INC.

21. Defendants hereby incorporate by reference paragraph 1 through 20 of their Answer as if more fully set forth herein.

22. Defendants deny the allegations set forth in paragraph 22 of the Complaint, and all subparts therein, and demand strict proof thereof.

23. Paragraph 23 of the Complaint states a legal conclusion to which no responsive pleading is necessary. To the extent that a responsive pleading is necessary, Defendants deny the allegations contained in paragraph 23 of the Complaint, as they relate to allegations of negligence against Defendant Napierkowski, and demand strict proof thereof.

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor, and against Plaintiffs, along with such other and further relief as this Court deems just and appropriate.

## COUNT IV

## JEAN REPA v. HILLTRUX TANK LINES, INC.

24. Defendants hereby incorporate by reference paragraph 1 through 23 of their Answer as if more fully set forth herein.

25. After reasonable investigation, Defendants are without information sufficient to admit or deny the allegations in paragraph 25 of the Complaint.

26. After reasonable investigation, Defendants are without information sufficient to admit or deny the allegations in paragraph 26 of the Complaint.

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor, and against Plaintiffs, along with such other and further relief as this Court deems just and appropriate.

## **AFFIRMATIVE DEFENSES**

Defendants, having fully answered the Complaint in this matter, hereby set forth the following Affirmative Defenses:

1. Plaintiff's Complaint fails to state a claim for relief against Defendants upon which relief may be granted.

2. To the extend justified by the evidence introduced at the time of trial and/or the facts developed during discovery, Plaintiff's Complaint is barred in whole and/or in part under the Doctrine of Accordance and Satisfaction.

3. To the extent justified by the evidence introduced at the time of trial and/or the facts developed during discovery, Defendants raise the applicable Statute of Limitations as a complete and/or partial part of Plaintiff's claims.

4. To the extent justified by the evidence introduced at the time of trial and/or the facts developed during discovery, Plaintiff's claims are barred in whole or in part under the doctrine of comparative negligence.

5. To the extent justified by the evidence introduced at the time of trial and/or the facts developed during discovery, the alleged damages sustained by Plaintiff were proximately caused

by parties other than Defendants, over whom Defendants had no control or right-of-control, including the Plaintiff, Robert Repa.

6.  To the extent justified by the evidence introduced at the time of trial and/or the facts developed during discovery, Plaintiff's claims are barred by the Doctrine of Assumption of Risk.

7.  To the extent justified by the evidence introduced at the time of trial and/or the facts developed during discovery, Defendants maintain that they are not liable for Plaintiff's pre-existing medical conditions.

8.  To the extent justified by the evidence introduced at the time of trial and/or the facts developed during discovery, Defendants raise Plaintiff's failure to mitigate damages as an affirmative defense.

9.  To the extent justified by the evidence introduced at the time of trial and/or the facts developed during discovery, Defendants raise the Doctrine of Laches as an affirmative defense.

10. To the extent justified by the evidence introduced at the time of trial and/or the facts developed during discovery, Defendants reserve the right to assert any and all affirmative defenses set forth in Rule 8 of the Federal Rules of Civil Procedure.

11. To the extent justified by the evidence introduced at the time of trial and/or the facts developed during discovery, Defendants reserve the right to assert the Plaintiff's failure to join an indispensable party under Rule 19 of the Federal Rules of Civil Procedure as an affirmative defense.

12. Defendants reserve the right to assert any and all further defenses that may become available and/or appear during the discovery proceedings in this matter and, therefore, specifically reserve the right to amend their Answer for purposes of asserting any such additional defenses.

13. Defendants deny any and all allegations in the Complaint that are not specifically admitted herein.

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor, and against Plaintiffs, along with such other and further relief as this Court deems just and appropriate. Defendants demand a trial y Jury.

                                                PION, NERONE, GIRMAN, WINSLOW
                                                  & SMITH, P.C.

                                              By: /s/ Jordan C. Hettrich
                                                    John T. Pion, Esq.
                                                    PA I.D. #43675
                                                    jpion@pionlaw.com
                                                    Jordan C. Hettrich, Esq.
                                                    PA I.D. #313597
                                                    jhettrich@pionlaw.com

                                              1500 One Gateway Center
                                              420 Ft. Duquesne Blvd.
                                              Pittsburgh PA 15222
                                              412-281-2288

                                              Counsel for Defendants

## **CERTIFICATE OF SERVICE**

I, Jordan C. Hettrich, Esquire, hereby certify that a true and correct copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES was served upon counsel of record via the CM-ECF Filing System, this 23rd day of June, 2019, as follows:

Matthew J. Lager, Esquire
Adam E. Barnett, Esquire
Bernard, Stuczynski, Barnett & Lager, PLLC
234 West Sixth Street
Erie, PA  16507-1319
matt@erieinjury.com
adam@erieinjury.com
*Counsel for Plaintiffs*

PION, NERONE, GIRMAN, WINSLOW & SMITH, P.C.

By: /s/ Jordan C. Hettrich
John T. Pion, Esq.
PA I.D. #43675
jpion@pionlaw.com
Jordan C. Hettrich, Esq.
PA I.D. #313597
jhettrich@pionlaw.com