

# Ways to Avoid a Failed Mediation

By William P. Carlucci

**M**ore than 20 years ago, I agreed to join the panel of pro bono mediators of the U.S. District Court for the Middle District of Pennsylvania. I was honored to be invited. While I already had nearly 20 years of legal experience, I had not yet served as a mediator. The court provided me (along with other members of my "class" of volunteers) with two long days of training in Carlisle. Thereafter, I eagerly awaited my chance to serve the bar by helping attorneys to settle their cases fairly. Each year since, I have accepted several pro bono assignments. I have also, on occasion, attended mediation continuing legal education training. In addition, I have participated in plenty of private mediations, either as the mediator or as counsel to a party. Now, armed with much more experience, I am much less eager. While I continue to serve, and while I still believe in the wisdom of a just settlement, I regularly question whether the parties and their counsel take the mediation process or the mediator seriously.

With apologies to David Letterman, here are my top 10 ways to avoid a failed mediation.

> **I regularly question whether the parties and their counsel take the mediation process or the mediator seriously.**





**Control costs beginning on Day One.** No client wants to hear a lawyer push for settlement after the client has paid a fortune preparing for trial. In any case where settlement is clearly indicated, good lawyers begin to control costs on the day they take the case. They investigate material facts and conduct just enough discovery to understand the case fully. When they attend mediation, they explain to their client that much work remains undone and a fair settlement will avoid further expense.

**Know your case, not just your client's position.**
Successful mediation is tough where the lawyers do not really know the facts and the parties merely cling to their positions and dispute the claims of their opponent. For that reason, I rarely recommend mediation prior to at least some discovery. In small cases, early mediation may be indicated in order to avoid discovery costs, but in larger cases, lawyers should conduct at least some discovery prior to mediation so that they understand most of the controlling facts.





**Mediation works best where the parties have genuine risk.**
Most litigants settle their case either to manage the risk of litigation costs or to manage the risk of an adverse outcome. Where litigants see little risk in the litigation, they may conclude that they have little to gain from settlement. In the 21st century, attorney's fees are often either contingent or capped by agreement. Where the litigation presents significant expense or risk to the client, a prudent lawyer will encourage mediation as a risk-management technique. In cases where the litigation risk to all parties is minor, proceeding to trial may actually be more cost effective.





**Timing is everything.** Experienced lawyers know that cases and clients go through "stages." Early in the case, clients are often angry and feel victimized. Only later, after tempers have cooled and the facts have been fully explored, do those same clients begin to understand that there are (at least) two sides to every story. Once clients understand their risk, they may begin to consider the wisdom of compromise. Good lawyers carefully listen to their clients at every stage of the litigation. The time to encourage mediation (or settlement, generally) is not when the judge or the lawyers decide to move on to another case: It is when the clients decide to move on with their lives.





**Clever trial lawyers … take time to discover what their opponent needs.**





**Mediation is not a substitute for negotiation.**
I often discover that the first time the parties have any mean-
ingful settlement discussion is the day of mediation. That is
silly. While no lawyer wants to make multiple offers without
any meaningful counter-proposal (the dreaded "negotiating
against yourself"), there is little strategic value in withholding
any settlement offer until the day of mediation. Even where
the mediator's time is pro bono, mediation requires counsel
fees and travel expense. If the exchange of a few letters or
telephone calls can settle the case, those expenses are avoided.
Mediators often require mediation memos, which include
previous settlement discussions. If the memos reveal that no
prior discussions have occurred, the mediator may wonder
whether the lawyers are serious about settlement.

**Expand the pie.** Every trial lawyer should read
*Getting to Yes* by Roger Fisher and William Ury, and
*Getting Past No* by Ury. The authors explain that
successful negotiation is not about what you want
from your opponent, but what you can offer in return.
Clever trial lawyers always know what their client
wants, but they also take time to discover what their
opponent needs. They view mediation as an opportu-
nity to offer real value to their opponent in exchange
for fair settlement terms. Even a grumpy two-year-old
can make demands.





**Mediation should never be a mere courtesy
to the court.** Unfortunately, mediation has become
fashionable. Many judges not only encourage media-
tion; they practically require it. Lawyers may agree
to mediation in an effort to "appear reasonable," even
though they have no intention of encouraging their
client to settle. In my view, the court should only
encourage mediation where the lawyers are truly
committed to the process. A pro forma mediation
is a waste of time and money and an insult to the
mediator.





**Decision-making requires the participation of
decision-makers.** As a court-appointed mediator,
I often receive a request to permit the "participation"
of parties or insurance adjusters by telephone. This is
nonsense and in clear violation of at least the Middle
District local rules. If the parties are able to settle their
case by telephone, mediation is unnecessary. The key
to successful mediation is the process of a mediator
meeting face to face with those who have the authority
to settle. Any party or adjuster who elects not to attend
has effectively announced that he or she has little
interest in a just settlement.









**Mediation is not a discovery technique.** I have concluded that some attorneys undertake mediation simply to learn more about the case or to test the will of the opposition. They withhold any offer until the day of the mediation, then begin the mediation with either a low ball offer or a demand that is several orders of magnitude more than the fair value of the case. When the mediator points out that the attorney's position will not move the matter toward settlement, the attorney sometimes suggests a list of questions for the mediator to put to opposing counsel, in order to "better understand the case." None of this behavior is intended to settle the case. It is merely gamesmanship and a waste of time and money. The Pennsylvania Rules of Civil Procedure provide attorneys with many effective discovery tools. Mediation is not among them.

**Remember the Scout motto.** Lastly, every 11-year-old Boy Scout is taught the value of careful preparation. There are many more litigation risks than just losing at trial. Experienced trial lawyers carefully prepare a decision-tree based "litigation risk analysis," weighing the client's best-case scenario, as well as the worst. They use their knowledge and experience to predict the likelihood of each future event that may have a material effect upon the case, and total those events to predict the outcome. Only after they have completed that very detailed analysis are they prepared to offer the client a fully informed opinion regarding the likelihood of success. Only then are they prepared for mediation. ⚖





. . . .



William P. Carlucci practices in the areas of commercial litigation, bankruptcy, real estate, civil trial law and commercial collections at the firm of Elion, Grieco, Carlucci and Shipman PC in Williamsport. He is a past president of the PBA.

If you would like to comment on this article for publication in our next issue, please send an email to editor@pabar.org.

The Pennsylvania Rules of Civil Procedure provide attorneys with many effective discovery tools. Mediation is not among them.

# THE
# STRATEGIC MEDIATOR

**FEATURING NINA MEIERDING, WITH INSIGHTS AND STRATEGIES FOR MAKING THE MOST OF MEDIATION**



MARCH
28



**Nina Meierding, MS, JD, Featured Speaker**

PHILADELPHIA, LIVE WEBCAST & SIMULCAST | 6 CLE CREDITS

 Continuing Legal Education Arm of the Pennsylvania Bar Association