IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| ROBERT REPA AND JEAN REPA, HUSBAND AND WIFE,<br><br>　　　　Plaintiffs<br><br>　vs.<br><br>FRANK NAPIERKOWSKI, HILLTRUX TANK LINES, INC.,<br><br>　　　　Defendants | 1:19-cv-00101-RAL<br><br>RICHARD A. LANZILLO<br>UNITED STATES MAGISTRATE JUDGE<br><br>ORDER ON PLAINTIFFS' MOTION IN LIMINE TO ADMIT EVIDENCE AND ARGUMENT AS TO STEVEN KLAKAMP'S CRIMINAL CONVICTIONS [ECF NO. 80] |

ORDER

Plaintiffs' motion in limine to admit evidence of Steven Klakamp's criminal convictions for purposes of impeachment is GRANTED in part and DENIED in part.

Defendants have identified Steven Klakamp as a person they intend to call as a fact witness during the trial of this action. Within the last ten years, Klakamp has been convicted in state court of the following three criminal offenses, each of was punishable by imprisonment for more than one year: Statutory Sexual Assault: 4-8 Years Older in violation of 18 § 3122.1 §§ A1, Docket No. CP-25-CR-0000240-2021; Driving Under the Influence in violation of 75 § 3802, §§ D2, Docket No. CP-62-CR-0000219-2017; and Driving Under the Influence, in violation of 75 § 3802 §§ A1, Docket No. CP-62-CR-0000390-2014. Plaintiffs seek an order authorizing the use of all three convictions for impeachment purposes if Defendants call Klakamp as a witness.

The Court finds that the prejudicial effect of the statutory sexual assault conviction substantially outweighs any probative value of this evidence and therefore excludes any

1

reference to the offense or conduct underlying this conviction. *See Grabski v. Logan*, 2014 WL 1340608, at *2 (E.D. Pa. Apr. 4, 2014) (sexual assault conviction inadmissible for purposes of impeachment based on undue prejudice); *Evans v. Wal-Mart Stores, Inc.*, 2007 WL 9757832, at *2 (M.D. Pa. Aug. 27, 2007) (convictions of Statutory Sexual Assault, Indecent Assault and Corruption of Minors were not admissible for impeachment purposes under Rule 609 because the risk of prejudice arising from the nature of the crimes substantially outweighs their probative value and none involved crimes of dishonesty or falsehood, i.e. *crimen falsi*).

However, based on the very recent nature of Klakamp's conviction for statutory sexual assault (2021), the Court will permit Plaintiffs to impeach him by reference to his "2021 conviction for a criminal offense for which he has been sentenced to a term of imprisonment of more than one year," but without reference to the offense itself or the conduct upon which this conviction was based. *See Perryman v. H & R Trucking, Inc.*, 135 Fed. Appx. 538, 541 (3d Cir. 2005). This approach balances Plaintiffs' interest in the probative value associated with the recent nature of the conviction with the Defendants' interest in avoiding undue prejudice. *Id.* (holding that district court did not err in its "admission of less prejudicial evidence—namely, the fact of Miller's conviction of a crime and resulting imprisonment without further detail—would balance these conflicting interests").

The two driving under the influence (DUI) convictions are admissible for impeachment purposes as they go to the credibility of Klakamp's testimony regarding motor vehicle safety. The absence of any relationship between Klakamp and Defendants limits any prejudice effect Defendants might experience by association.

2

DATED this 3rd day of April, 2022.

BY THE COURT:

_____
RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE
