IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| ROBERT REPA AND JEAN REPA, HUSBAND AND WIFE, <br><br> Plaintiffs <br><br> vs. <br><br> FRANK NAPIERKOWSKI, HILLTRUX TANK LINES, INC., <br><br> Defendants | 1:19-cv-00101-RAL <br><br> RICHARD A. LANZILLO <br> UNITED STATES MAGISTRATE JUDGE <br><br> DEFENDANTS' MOTION IN LIMINE TO EXCLUDE ANY REFERENCE TO FATIGUE, DRIVE LOGS, OR BILL OF LADING [ECF No. 86] |

ORDER

Defendants have moved in limine for an order precluding Plaintiffs from introducing evidence of or referring to "driver fatigue," "driver logs" or "the bill of lading" for the load Frank Napierkowski was hauling on May 2, 2017. ECF Nos. 86, 86-1. Plaintiffs have responded. ECF No. 98. The motion is GRANTED in part and DENIED in part as set forth below.

Defendants argue that the evidence identified above is irrelevant under Rule 401 and that it would confuse or mislead the jury under Rule 403. This motion is denied to the extent it requests exclusion of evidence and argument regarding driver fatigue. The bar for relevance is relatively low. *See Forrest v. Parry*, 930 F.3d 93, 113 (3d Cir. 2019). The Court's prior opinion on summary judgment held that potential driver fatigue is relevant to Plaintiffs' negligence claim against Defendants. *See* ECF No. 59 at 11-12. As the Court noted, this evidence may go to Mr. Napierkowski's attentiveness and his memory of the events.

Having carefully reviewed the Driver Log and Bill of Lading, however, the Court finds that any relevance associated with these exhibits is outweighed by their potential to confuse the jury. The Driver Log does not appear to memorialize how long Mr. Napierkowski had been driving, his route to the scene of the accident, or stops along the way, which information might be relevant to the issue of driver fatigue. It appears that the only potentially relevant information in the Driver Log and Bill of Lading is the contents and weight of the load being transported by Mr. Napierkowski. But this information would be admissible only if expert testimony or other competent evidence somehow relates it to accident reconstruction/causation, the standard of care, or the extent of injuries sustained by Mr. Napierkowski. Absent a proffer sufficient to support admission for one of these purposes, the jury could only speculate concerning the significance of the information, if any, to issues in the case. Because the probative value of the information is outweighed by its potential to confuse the jury, evidence and argument regarding the Driver Log and Bill of Lading are inadmissible.

DATED this 4th day of May, 2022.

BY THE COURT:

_____
RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE