IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| ROBERT REPA AND JEAN REPA, HUSBAND AND WIFE,<br><br>Plaintiffs<br><br>vs.<br><br>FRANK NAPIERKOWSKI, HILLTRUX TANK LINES, INC.,<br><br>Defendants | 1:19-cv-00101-RAL<br><br>RICHARD A. LANZILLO<br>UNITED STATES MAGISTRATE JUDGE<br><br>ORDER ON DEFENDANTS' MOTION IN LIMINE FOR DETERMINATION OF JUDICIAL ADMISSION AND TO LIMIT TESTIMONY OF PLAINIFFS' EXPERT, DAVID BIZZAK [ECF NO. 84] |

MEMORANDUM OPINION AND ORDER

Defendants have moved in limine for a judicial determination that an allegation in Plaintiffs' complaint and a statement in Plaintiff Robert Repa's deposition constitute judicial admissions. ECF Nos. 84, 85. They also request that the Court limit the testimony of Plaintiffs' accident reconstruction expert, David Bizzak, based on these admissions. *Id.* Plaintiffs have responded. ECF Nos., 101, 102.

Plaintiffs' complaint included the following allegation:

> At the above time and place, Defendant, Frank Napierkowski, was negligently and carelessly operating the Napierkowski vehicle in the southbound direction of State Route 6 and 19 in that, while making a left-hand turn onto Zilhaver Road, Mr. Napierkowski operated his truck in such a manner as to hit Mr. Repa, run over Mr. Repa's legs, **and knock Mr. Repa over a guardrail into a ravine**."[1]

ECF No. 1, ¶ 12 (emphasis supplied).

---

[1] Defendants denied this in their answer. ECF No. 9, ¶ 12.

In his deposition, Mr. Repa was more equivocal. Responding to questions regarding his physical location following the impact, he testified as follows:

> Q: When you were struck, did you remain in the same location?
>
> A: ***I think I ended up in the sluice down there.***
>
> Q: Okay.
>
> A: Underneath the guardrail.
>
> Q: What's the sluice"? I don't understand what that means.
>
> A: It's a ditch on the side of the road.

ECF No. 84-2 (emphasis supplied).

Based on his review of information provided by all the eyewitnesses to the accident and first responders as well as the physical evidence at the accident scene, Bizzak concluded that Mr. Repa came to rest "along the shoulder of the road at the corner of the intersection."[2] ECF No. 84-3, p. 2 (Bizzak Depo.). Bizzak testified at his deposition that he discounted Mr. Repa's recollection on this issue because it "is inconsistent with what everybody else observed as well as the EMS who arrived." *Id.*

Defendants contend that Plaintiffs should not be permitted to offer Bizzak's conclusion or any other evidence at trial that is inconsistent with Mr. Repa's allegation or statement in his deposition. They argue that both are judicial admissions and binding on the Plaintiffs. For the reasons discussed below, this Court finds that Mr. Repa's statement in his deposition is too

---

[2] Defendants' motion and Plaintiffs' response provide very little context from Bizzak's deposition or his report. But Defendants also raised this issue at summary judgment, and the Court denied the relief requested by Defendants, finding it "inappropriate in th[at] procedural context" because Defendants were seeking "evidentiary rulings which are beyond the scope of a motion for summary judgment." ECF 59, p. 4. Relevant to the current motion, Bizzak discounted Mr. Repa's testimony that he fell over the guardrail based on testimony and evidence that he was found lying on the shoulder of the roadway after the incident. *See* ECF No. 35-6, p. 3; ECF No. 35-7, p. 2.

equivocal to constitute a judicial admission. The Court also finds that treating the short excerpt from the complaint as a binding admission is unwarranted given the contrary physical evidence and testimony of eyewitnesses and the plausibility that it was the product of a mistake of fact on the part of Mr. Repa. Accordingly, while the allegation of the complaint and Mr. Repa's related testimony may be treated as evidentiary admissions and used for cross-examination of Mr. Repa, Bizzak, and, potentially, other witnesses, they are not binding judicial admissions requiring the exclusion of portions of Bizzak's testimony.

"Judicial admissions are concessions in pleadings or briefs that bind the party who makes them." *Utica Mut. Ins. Co. v. Cincinnati Ins. Co.*, 361 F. Supp. 3d 451, 464 (E.D. Pa. 2019) (citing *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 211 n.20 (3d Cir. 2006)). "Judicial admissions are confined to 'matters of fact which otherwise would require evidentiary proof,' and a statement of fact must be *unequivocal* to be a binding judicial admission." *Mason v. Range Res.-Appalachia LLC*, 120 F. Supp. 3d 425, 443 (W.D. Pa. 2015) (quoting *Glick v. White Motor Co.*, 458 F.2d 1287, 1291 (3d Cir. 1972) (emphasis added)). Only statements of fact subject to evidentiary proof can be judicial admissions, not a party's legal positions. *See United States v. Bogart*, 715 Fed. Appx. 161, 171 n.8 (3d Cir. 2017) ("doubtful" that answer to complaint denying ownership of property was "judicial admission").

Judicial admissions "may be disregarded in the interests of justice." *The Doyle*, 105 F.2d 113 (3d Cir. 1939) 105 F.2d 113 (citing Wigmore, Vol. 4, sec. 2590) (cited in *Glick v. White Motor Co.*, 458 F.2d 1287, 1291 (3d Cir. 1972); *Karoly v. Schwab*, 516 B.R. 49, 55 (M.D. Pa. Aug. 22, 2014)). "Exceptional circumstances" warranting the opening of a judicial admission include "where an admitted fact is clearly untrue or a party was laboring under a mistake when the admission was made." *Koger v. Robert Half Int'l*, 2007 WL 712225, at *8 (W.D. Pa. Mar. 7,

3

2007), *aff'd*, 247 Fed. Appx. 349 (3d Cir. 2007). *See also New Amsterdam Casualty Co. v. Waller*, 323 F.2d 20, 24 (4th Cir. 1963) (a "court, unquestionably, has the right to relieve a party of his judicial admission if it appears that the admitted fact is clearly untrue and that the party was laboring under a mistake when he made the admission"). Here, multiple plausible explanations exist for Mr. Repa's apparently inaccurate allegation regarding his location following the accident. These include that that he may have been mistaken. The overwhelming testimony and physical evidence appear to place him in the area Bizzak concluded he landed. The likelihood of mistake is further supported by Mr. Repa's equivocal deposition testimony, "*I think I*" ended up in the sluice down there. He had just sustained a significant traumatic injury and shortly thereafter, according to Plaintiffs' brief, received the powerful opioid painkiller fentanyl. While it is also plausible that Mr. Repa intentionally exaggerated the distance he was thrown by the impact to make it sound more dramatic, this is a matter for cross-examination and, ultimately, a question of credibility for the jury. Beyond credibility, it is unclear whether this factual detail is material to the Bizzak's ultimate conclusions or issues of liability. The parties have not provided the Court with information to show that the inconsistency between where Mr. Repa alleged he came to rest and where the other witnesses and Bizzak placed him significantly affects the central issues of this case. To the extent Defendants believe the discrepancy is material, they may properly exploit it at trial. Finally, it does not appear that Defendants relied upon Mr. Repa's allegation regarding his location following impact (they denied the allegation) or that Plaintiffs have inequitably changed their factual position to secure a litigation advantage based on the allegation.

As noted, the deposition testimony of Mr. Repa cited by Defendants is too equivocal to constitute a judicial admission.[3] Mr. Repa's testimony regarding his location is expressly qualified by the words, "I think." Only an "unequivocal statement" qualifies as a judicial admission. *See Glick.*, 458 F.2d at 1291 ("to be binding, judicial admissions must be unequivocal."); *Greenwell v. Boatwright*, 184 F.3d 492, 498 (6th Cir.1999) (holding that only "deliberate, clear and unambiguous" statements are judicial admissions). At best, this testimony is an evidentiary admission concerning which Defendants may cross-examine Mr. Repa and Bizzak at trial. *See Fine v. Ryan Intern. Airlines*, 305 F.3d 746, 753 (7th Cir. 2002) ("A party is free to contradict her deposition testimony at trial, although her opponent may then introduce the prior statement as impeachment.").

For the foregoing reasons, Defendants' Motion in Limine for Determination of Judicial Admissions and To Limit Testimony of Plaintiff's Expert, David Bizzak [ECF No. 84] is DENIED.

SO ORDERED, this 5th day of May, 2022

BY THE COURT:

_____
RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE

---

[3] Defendants have not directed the Court to federal authority that deposition testimony can constitute a judicial admission under the Federal Rules of Evidence, and available caselaw appears contrary to their position. *Keller v. United States*, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) (citing Michael H. Graham, Federal Practice and Procedure § 6726, at 536–37) ("When a party testifying at trial or during a deposition admits a fact which is adverse to his claim or defense, it is generally preferable to treat that testimony as solely an evidentiary admission," not a judicial admission.). Some differences exist among the states. *Compare Coleman v. Wyeth Pharms., Inc.*, 6 A.3d 502, 526 (Pa. Super. Ct. 2010) ("Thus, under the Pennsylvania Rules of Civil Procedure, depositions and interrogatory answers are not binding admissions.") *with In re Estate of Rennick*, 692 N.E.2d 1150, 1155 (Ill. 1998) ("Testimony at a discovery deposition may constitute a judicial admission.").