IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| ROBERT REPA AND JEAN REPA,<br>HUSBAND AND WIFE, | ) | |
| | ) | |
| | ) | 1:19-cv-00101-RAL |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | RICHARD A. LANZILLO<br>UNITED STATES MAGISTRATE JUDGE |
| | ) | |
| FRANK NAPIERKOWSKI, HILLTRUX<br>TANK LINES, INC., | ) | |
| | ) | |
| | ) | ECF NO. 88 |
| Defendants | ) | |
| | ) | |

MEMORANDUM OPINION

The Defendants have moved in limine "to preclude Dr. Bonfiglio from offering any opinion that Plaintiff has suffered from and/or is suffering from depression or anxiety as a result of the subject accident." ECF Nos. 88, p. 1; 89. They argue that as "a physician specialist in physical medicine and rehabilitation," Dr. Bonfiglio is not qualified to diagnose and offer expert testimony regarding psychological and psychiatric conditions such as the depression and anxiety he opines Mr. Repa has experienced. *Id.*, pp. 2-3. They also challenge the reliability of the principles and methods underlying Dr. Bonfiglio's diagnosis and proposed testimony. *Id.*, p. 4. Based on their proposed exclusion of Dr. Bonfiglio's mental health diagnosis, Defendants also ask the Court to "limit[ ] the testimony of Donna Micklow, with respect to any projected costs of future mental health care and treatment as a result of the subject accident." *Id.*, p. 1.

Federal Rule of Evidence 702 governs the admissibility of expert testimony. "Rule 702 has three major requirements: (1) the proffered witness must be an expert, *i.e.*, must be qualified;

(2) the expert must testify about matters requiring scientific, technical or specialized knowledge [, i.e., reliability]; and (3) the expert's testimony must assist the trier of fact [, i.e., fit]." *United States v. Schiff*, 602 F.3d 152, 172 (3d Cir. 2010) (alterations in original) (quoting *Pineda v. Ford Motor Co.*, 520 F.3d 237, 244 (3d Cir. 2008)).

Defendants' have challenged Dr. Bonfiglio's qualifications to testify about his diagnosis of depression and anxiety. As to qualifications, an expert witness must demonstrate "specialized knowledge" in the subject matter of his testimony. *See Waldorf v. Shuta*, 142 F.3d 601, 625 (3d Cir. 1998). Qualifications include "specialized expertise." *Pineda v. Ford Motor Co.*, 520 F.3d 237, 244 (3d Cir. 2008) (quoting *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003). A "broad range of knowledge, skills, and training qualify an expert." *Waldorf*, 142 F.3d at 625 (quoting *Paoli*, 35 F.3d at 741-42). "This liberal policy of admissibility extends to the substantive as well as the formal qualifications of experts." *Pineda*, 520 F.3d at 244 (citing *Paoli*, 35 F.3d at 741). Further, "it is an abuse of discretion to exclude testimony simply because the trial court does not deem the proposed expert to be the best qualified or because the proposed expert does not have the specialization that the court considers most appropriate." *Id.* (quoting *Holbrook v. Lykes Bros. S.S. Co.*, 80 F.3d 777, 782 (3d Cir. 1996)).

Dr. Bonfiglio is a medical doctor presently licensed to practice medicine in six states, including Pennsylvania. ECF No. 71-1, pp. 85-86. His experience includes taking medical histories, prescribing medications, and ordering, performing, and interpreting diagnostic tests. He has won awards for his work in medicine, *id.*, pp. 96–99, has given hundreds of medical lectures and presentations, *id.*, pp. 109–62, and has published dozens of journal articles and book chapters on matters of medicine. *Id.*, pp. 163–71. He currently is a clinical assistant professor

and adjunct professor at Temple Medical School and Lake Erie College of Osteopathic Medicine and has taught at a minimum of ten other universities. ECF No. 71-1, pp. 94–96. Dr. Bonfiglio testified at his deposition that "[a] significant percentage of the patients" he sees "have psychological or psychiatric problems." ECF No. 94-2, p. 10. He also "prescrib[es] psychotropic medicines for patients." *Id.* He "[treats] a lot of patients with psychological problems who, for a variety of reasons, do not want to go to a psychologist or a psychiatrist." *Id.*, p. 11. He added, "[t]he field of physical medicine overlaps with other fields. We routinely take care of patients with psychiatric conditions." *Id.*, p. 34. Based on the testimony proffered from Dr. Bonfiglio's deposition, the Court finds as a preliminary matter that Dr. Bonfiglio is qualified to offer an expert opinion on Repa's depression and anxiety.

In a case cited by Defendants, this Court found a licensed professional counselor qualified to opine as an expert on a diagnosis of anxiety or depression even though the focus of her experience was on drug and alcohol counseling. *See Vilkofsky v. Specialized Loan Servicing, LLC*, 2018 WL 2937693, at *6 (W.D. Pa. June 12, 2018). Here, Defendants' belief that Dr. Bonfiglio does not have the most appropriate medical specialization does not render him unqualified to opine on anxiety and depression. *See Moussa v. Commonwealth of Pa. Dep't of Pub. Welfare*, 289 F. Supp. 2d 639, 664 (W.D. Pa. 2003) (pulmonologist permitted to testify to plaintiff's anxiety). *See also Trafton v. Sunburn Primary Care, P.A.*, 689 F. Supp. 2d 198, 201 (D. Me. 2010) ("a family physician" may "express expert opinions within the limits of her training and education as to the diagnosis or treatment of depression."). Defendants' arguments go to the weight of his testimony, not its admissibility. *See Pritchard v. Dow Agro Scis.*, 705 F. Supp. 2d 471, 482 (W.D. Pa. 2010), *aff'd*, 430 Fed. Appx. 102 (3d Cir. 2011) ("That Dr. Omalu is also not an oncologist or hemopathologist, appropriate specialties in Defendants' view…does

not preclude him from testifying as an expert in this matter."). For these reasons, the Court concludes that Plaintiff have proffered a record sufficient, as a preliminary matter, to support Dr. Bonfiglio's qualifications to testify as an expert under Rule 702 regarding his diagnoses of Mr. Repa's anxiety and depression.

Rule 702's second requirement requires that "the process or technique the expert used in formulating the opinion is reliable." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 742 (3d Cir. 1994). Therefore, "the expert's opinion must be based on the 'methods and procedures of science' rather than on 'subjective belief or unsupported speculation;' the expert must have 'good grounds' for his or her belief." *Paoli*, 35 F.3d at 742 (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590 (1993)). Assessment of whether testimony is based on a reliable foundation is "flexible." *Daubert*, 509 U.S. at 594. For the third requirement, the proffered expert testimony must be "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *United States v. Downing*, 753 F.2d 1224, 1242 (3d Cir. 1985). "Rule 702's 'helpfulness' standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility." *Daubert*, 509 U.S. at 591-92. Although the applicable standard for determining "fit" is "not that high," it is nonetheless "higher than bare relevance." *Paoli*, 35 F.3d at 745.

The Court finds that Plaintiffs have also met their burden to demonstrate that Dr. Bonfiglio used reliable principles and methods to diagnose Mr. Repa. The District Court's role here is not as the finder of fact. *Vilkofsky*, 2018 WL 2937693, at *5. Instead, the focus appropriately goes to the methodology of the expert to "satisfy itself that 'good grounds' exist for the expert's opinion." *United States v. Mitchell*, 365 F.3d 215, 244 (3d Cir. 2004) (citing *Daubert*, 509 U.S. at 590); *In re TMI Litigation*, 193 F.3d 613, 713 (3d Cir. 1999) (district court

4

should not conflate "its gatekeeping function with the fact-finders' function as the assessor of credibility"). "The District Court has broad discretion in determining the admissibility of evidence, and 'considerable leeway' in determining the reliability of particular expert testimony under *Daubert*." *Walker v. Gordon*, 46 Fed. Appx. 691, 694 (3d Cir. 2002) (citing *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152-53 (1999)). Rule 702 "has a liberal policy of admissibility." *Kannankeril v. Terminix Intern., Inc.*, 128 F.3d 802, 806 (3d Cir. 1997). The party that proffers the expert testimony is not required to prove to the court that the expert's conclusion is correct. *See Mitchell*, 365 F.3d at 244 (citation omitted).[1]

When assessing Mr. Repa, Dr. Bonfiglio reviewed and summarized his medical records. ECF No. 71-1, pp. 1–40, 62–73. He met with Mr. Repa and his wife and performed a complete diagnostic evaluation. This meeting included reviewing his current medical conditions, assessing his pain levels, *id.*, pp. 41–43, his past medical history, *id.*, p. 44, reviewing current medications, drug allergies, and medical equipment, *id.*, pp. 44-45, a review of systems, *id.*, p. 46, taking a social history, *id.*, p. 47, vocational history, *id.*, p. 48, and a physical and neurological exam. *Id.*, pp. 49–51. He then recorded diagnostic impressions, his case analysis, and recommendations. *Id.*, pp. 52–61. All medical opinions offered in his report were expressed with a reasonable degree of medical probability and certainty. *Id.*, p. 61. Dr. Bonfiglio testified that he relied on the medical records, his in-person evaluation, and his experiences with other

---

[1] The Third Circuit has listed several factors it deems "important" in assessing an expert's methodology:

> (1) whether a method consists of a testable hypothesis; (2) whether the method has been subject to peer review; (3) the known or potential rate of error; (4) the existence and maintenance of standards controlling the technique's operation; (5) whether the method is generally accepted; (6) the relationship of the technique to methods which have been established to be reliable; (7) the qualifications of the expert witness testifying based on the methodology; and (8) the non-judicial uses to which the method has been put.

*In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 742 n.8 (3d Cir. 1994).

patients when diagnosing Mr. Repa with depression and anxiety, noting that he had observable symptoms of depression.  ECF No. 94-2, pp. 27–29, 31–33.  He explained, in a pertinent part, "[Mr. Repa] has good reason to be depressed because of the significant functional limitations that he has and the ongoing chronic pain that he has." *Id.*, p. 34.

The record proffered by Plaintiffs satisfies their threshold burden to demonstrate "good grounds" for Dr. Bonfiglio's opinion. *See Mitchell*, 365 F.3d at 244.  Defendants argue that Dr. Bonfiglio's diagnoses are unreliable because they are based solely on his review of medical records and a single in-person interview, but a "doctor c[an] offer an explanation based on the plaintiffs' medical history, laboratory tests or any other reliable source." *Paoli*, 35 F.3d at 760. Other courts have permitted medical doctors to testify on mental health diagnoses, including depression and anxiety, under similar circumstances. *See, e.g.*, *Moussa*, 289 F. Supp. 2d at 664-65; *Troendle v. Yellow Freight, Inc.*, 1999 WL 554589 *1 (E.D. Pa. July 20, 1999) (family physician permitted to testify as to plaintiff's mental distress).  Defendants also attack Dr. Bonfiglio's methods as unreliable because he "conducted no objective studies or tests to evaluate Repa for anxiety or depression." ECF No. 89, p. 6.  But a doctor need not "conduct every possible test to assess whether his or her view was correct so long as he or she employed sufficient diagnostic techniques to have good grounds for his or her conclusion." *Paoli*, 35 F.3d at 761.  And contrary to Defendants' argument, ECF No. 89, p. 6, the lack of depression and anxiety in the medical records before the accident does not weaken the reliability of Dr. Bonfiglio's methods but provides some support that the accident caused these conditions. Evidence that "Repa has not treated with, and is not planning to treat with, any mental health counselor, psychologist or psychiatrist," ECF No. 89, p. 6, if true, is a matter for cross examination.

Defendants also seek an order limiting testimony about Mr. Repa's depression and anxiety and the costs of related future treatment based on a stipulation filed by the parties. ECF No. 114. The stipulation states, in pertinent part, "…1. that Dr. Bonfiglio will not offer any opinion at trial in this matter related to any claim that Mr. Repa is suffering from, or has suffered, a traumatic brain injury as a result of the subject accident; [and] 2. that Ms. Micklow will not offer any opinion with regard to future care related to any alleged traumatic brain injury, including any opinion with regard to the need for neuropsychological testing…" ECF No. 32.

Plaintiffs respond that some of the symptoms of anxiety and depression overlap with those from a diagnosed traumatic brain injury. ECF No. 115, ¶ 2. The Court understands Plaintiffs' position to be that these symptoms of anxiety and depression can exist absent any traumatic brain injury and that neither they nor their experts will opine or argue that Mr. Repa's symptoms in this case are the result of a traumatic brain injury. Moreover, at the time the parties entered the stipulation, Dr. Bonfiglio's and Micklow's existing reports included diagnoses of depression and anxiety and the projected expenses of treatment for these conditions. The stipulation did not include this evidence within the scope of the exclusion. The Court therefore finds that the stipulated exclusion of evidence of traumatic brain injury does not extend to evidence of depression and anxiety. And consistent with the stipulation, Plaintiffs may not argue or introduce evidence that certain symptoms of depression or anxiety also may indicate the existence of traumatic brain injury.

For these reasons, Defendants' Motion in Limine to Limit the Testimony of Richard Bonfiglio, M.D. and Donna Micklow will be DENIED. A separate order follows.

DATED this 5th day of May, 2022.

BY THE COURT:

RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE