IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| ROBERT REPA AND JEAN REPA, HUSBAND AND WIFE,<br><br>Plaintiffs<br><br>vs.<br><br>FRANK NAPIERKOWSKI, HILLTRUX TANK LINES, INC.,<br><br>Defendants | 1:19-cv-00101-RAL<br><br>RICHARD A. LANZILLO<br>UNITED STATES MAGISTRATE JUDGE<br><br>PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OBTAINED THROUGH MISUSED LEGAL PROCESS AND TO ADMIT EVIDENCE OF DEFENDANT PREEMPTIVELY INITIATING ORIGINAL PROCESS [ECF NO. 91] |

ORDER

Plaintiffs' motion in limine at ECF No. 91 seeks two forms of relief. First, Plaintiffs request an order "excluding all evidence or argument related to Mr. Repa's improperly obtained personnel file with the Cambridge Springs Volunteer Fire Department." ECF No. 91, p. 1. To the extent this request seeks exclusion of disciplinary records and information, it is DENIED as moot because the Court has already ordered the requested relief by the exclusion of said evidence on other grounds. *See* ECF No. 143. To the extent this request seeks exclusion of wage and benefit documents and information relating to any alleged economic loss claim, the motion is DENIED as such documents and information are clearly relevant.

Second, Plaintiffs seek an order "permitting the admission of all evidence and argument related to Defendants' filing of an action in Allegheny County and issuing an improper subpoena

1

to the Cambridge Springs Volunteer Fire Department." ECF No. 91, p. 1. Defendants have responded and oppose this relief. ECF No. 103.

This Court need not decide whether Defendants improperly initiated an action in the Court of Common Pleas of Allegheny County to secure a subpoena or improperly served the subpoena upon the Cambridge Springs Volunteer Fire Department.[1] This is because this evidence does not have "any tendency to make a fact more or less probable...," and these facts are not "of consequence in determining the action." *See* Fed. R. Evid. 401. While the bar for relevance is relatively low, *see Forrest v. Parry*, 930 F.3d 93, 113 (3d Cir. 2019), this dispute regarding the discovery process is plainly irrelevant to the claims and defenses raised in this action. Contrary to Plaintiffs' argument, ECF No. 91, ¶ 69, ¶ 69 n.8, the effect on Plaintiffs, if any, when they learned of the subpoenas has no bearing on Defendants' liability or the measure of damages. The evidence also does not go to the credibility of any proffered witness. Moreover, any minimal probative value of this "evidence" is substantially outweighed by the danger of confusing the issues, misleading the jury, and wasting time.[2] *See* Fed. R. Evid. 403.

---

[1] Plaintiffs' concede that they have provided no authority for the remedy they seek. ECF No. 91, ¶¶ 63-64. *See Schneider's Dairy v. Serv. Pers. & Emp., Teamsters Local Union No. 205*, 2013 WL 6485367, at *2 (W.D. Pa. Dec. 10, 2013) ("It is not the Court's job to research and construct legal arguments open to parties.... In order to develop a legal argument effectively, the facts at issue must be bolstered by relevant legal authority.") (internal quotations and citation omitted).

[2] While Plaintiffs' motion claims that this allegedly improper process and subpoena violated Mr. Repa's privacy rights, ECF No. 91, ¶¶ 29–33, their complaint includes no claim for invasion of privacy or similar tort, nor do they assert a cause of action for abuse of process. *See* ECF No. 1. Any remedy that might have been available for the discovery abuse Plaintiffs allege occurred here would have been by motion in this Court or the state court where the action was commenced and the subpoena was obtained.

AND NOW, this 6th day of May, 2022, Defendants' Motion in Limine at ECF No. 91 is DENIED.

BY THE COURT:

_____
RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE