IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| ROBERT REPA AND JEAN REPA, HUSBAND AND WIFE, | ) ) ) | |
| | ) | 1:19-cv-00101-RAL |
| Plaintiffs | ) ) | RICHARD A. LANZILLO |
| | ) | UNITED STATES MAGISTRATE JUDGE |
| vs. | ) ) | |
| | ) | PLAINTIFFS' MOTION IN LIMINE TO |
| FRANK NAPIERKOWSKI, HILLTRUX TANK LINES, INC., | ) ) | EXCLUDE HEARSAY IN AMBULANCE REPORT [ECF NO. 154] |
| | ) ) | |
| Defendants | ) ) | |

ORDER

Plaintiffs have moved in limine to exclude from evidence statements included within an "Ambulance Trip Sheet" regarding the speed of Napierkowski's tanker truck and Mr. Repa's movements immediately before the accident. ECF No. 154. For the following reasons, the motion is GRANTED.

The Ambulance Trip Sheet at issue was completed by Katie Sherretts, a paramedic who responded to the scene shortly after the accident. As part of her duties, Sherretts recorded information relevant to Mr. Repa's physical condition and the accident, including the following:

> Per other fire police on scene there they were directing traffic for the structure fire and a (sic) 18 wheeled gas tanker was approaching the intersection at slow speed and was going to make a left hand turn to turn around when the patient walked out in front of the tanker and they ran over his legs with the duals from the tanker.

ECF No. 154-1.

1

The Trip Sheet's description of the tanker's speed and Mr. Repa's movements as related by "other fire police" at the scene is hearsay within hearsay and inadmissible under Federal Rule of Evidence 801 unless an exception applies to each level of hearsay. The exception recognized by Rule 803(6), and commonly referred to as the "business records" exception, applies to the Trip Sheet itself. It is a "record of an act, event, condition, opinion, or diagnosis," made by Sherretts "at or near the time" of the events or conditions she described, and "kept in the course of a regularly conducted activity" of her organization and as "a regular practice of that activity" within the meaning of Rule 803(6)(A)-(D). Sherretts properly authenticated the Trip Report in accordance with Rule 803(6)(E).

But the hearsay statements attributed to the "other fire police" within the Trip Sheet are more problematic. The Trip Sheet does not identify the fire police officer or officers who conveyed the information to Sherretts, and both Sherretts and EMT Robert Proper testified that they did not know which fire police officer or officers conveyed the information upon which the statement is based. ECF Nos. 154-2; 154-3. Defendants theorize that Steven Klakamp was the "likely source" of the information. However, his deposition testimony regarding Mr. Repa's position and lack of movement prior to the accident differs materially from the account stated in the Trip Sheet, thus casting doubt that he was the source of the information. While Defendants' position that Klakamp was the likely source of the information is a plausible one, it is nevertheless speculative. "This lack of knowledge, or at least uncertainty, about who transmitted the information contained in the [ ] records also deprives the information of trustworthiness." *United States v. Smith*, 318 Fed. Appx. 780, 796-97 (11th Cir. 2009) (stating the business records exception does not apply if "the source of information or the method or circumstances of preparation indicate lack of trustworthiness" [citing Fed. R. Evid. 803(6)(E)])). It is also unclear

that the information the officer or officers conveyed to Sherrett was based his or their personal observation or information provided by Mr. Napierkowski or a witness. This uncertainty raises further concerns under Rule 803(6)(E) regarding the trustworthiness of the statements.

Defendants argue that the statements fall within the "excited utterance" adopted in Federal Rule of Evidence 803(2). Under this rule, an "excited utterance" is admissible as an exception to the hearsay rule as long as it is a "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Fed. R. Evid. 803 (2). "The applicability of the exception is unaffected by the availability or unavailability of the declarant as a witness. *United States v. Brown*, 254 F.3d 454, 458 (3d Cir. 2001) (citing Fed. R. Evid. 803). Three requirements are generally recognized to satisfy the "excited utterance" exception: (i) the occurrence of a startling event or condition; (ii) the statement in question must have been made while the declarant was under the stress of excitement caused by the event or condition; and (iii) the statement must relate to the startling event or condition. *Id.* (citing *United States v. Moore*, 791 F.2d 566 (7th Cir. 1986). The Court of Appeals for the Third Circuit has expanded "the requirements of admissibility to include: (i) a startling occasion; (ii) a statement relating to the circumstances of the startling occasion; (iii) a declarant who appears to have had opportunity to observe personally the events; and (iv) a statement made before there has been time to reflect and fabricate." *Id. (citing United States v. Mitchell*, 145 F.3d 572, 576 (3d Cir.1998); *Miller v. Keating*, 754 F.2d 507 (3d Cir.1985)). Because the identity of the maker or makers of the statements, the timing of the statements, and the extent of his or their opportunity to observe the events described are uncertain, Defendants cannot establish requirements (iii) or (iv). In addition, even if the statements potentially could fall within this exception, the same "trustworthiness" concerns remain.

Finally, Defendants argue that the statements are admissible as "present sense impressions" within the meaning of the hearsay exception stated in Fed. R. Evid. 803(1). Under Rule 803(1), an out-of-court statement is admissible as a present sense impression if it is "a statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." Fed. R. Evid. 803(1). This exception has three requirements: "(1) the declarant must have personally perceived the event described; (2) the declaration must be an explanation or description of the event rather than a narration; and (3) the declaration and the event described must be contemporaneous." *United States v. Mitchell*, 145 F.3d 572, 576 (3d Cir.1998). "A statement does not qualify as a present sense impression if it merely reports opinions held by others." *AAMCO Transmissions, Inc. v. Baker*, 591 F. Supp. 2d 788, 795 (E.D. Pa. 2008) (citing *Perkins v. Marriott Int'l, Inc.*, 945 F.Supp. 282, 287 (D.D.C.1996)). Once again, Defendants cannot satisfy the exception's requirements for admissibility based on the uncertainty of who conveyed the information to Sherretts and his or their ability to observe the events at issue.

Because no exception to the hearsay rule applies the statements within the Trip Sheet regarding vehicle speed and Mr. Repa's movements, Plaintiffs' motion is GRANTED and the statements at issue are excluded from evidence.

IT IS SO ORDERED

BY THE COURT:

Dated: 5/15/2022

RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE