IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

ROBERT REPA AND JEAN REPA,       )
HUSBAND AND WIFE,                )
                                 )
                                 )    1:19-CV-00101-RAL
         Plaintiffs              )
                                 )
                                 )    RICHARD A. LANZILLO
    vs.                          )    UNITED STATES MAGISTRATE JUDGE
                                 )
FRANK NAPIERKOWSKI, HILLTRUX     )    MEMORANDUM OPINION ON
TANK LINES, INC.,                )    PLAINTIFFS' MOTION FOR NEW TRIAL
                                 )    [ECF NO. 167]
                                 )
         Defendants              )
                                 )

MEMORANDUM OPINION

I.    Introduction

Robert Repa, a fire police officer, was directing traffic away from a fire scene when he

was struck by the driver-side rear wheel of a tanker-truck operated by Frank Napierkowski.

Mr. Repa and his spouse, Jean Repa, commenced this negligence action against Napierkowski

and his employer, Hilltrux Tank Lines, Inc. (Hilltrux), to recover damages for the injuries

sustained as a result of that accident.[1]  At the conclusion of trial, the jury returned a verdict in

favor of the Defendants.  The jury found that Napierkowski was not negligent in the operation of

his vehicle.

Plaintiffs have moved for a new trial pursuant to Federal Rule of Civil Procedure 59.

ECF Nos. 167, 168, 172.  They argue that the Court erred in its charge to the jury and that the

---

[1] This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1332 based upon complete diversity of citizenship between Plaintiffs and Defendants and an amount in controversy more than $75,000, exclusive of interest and costs.

1

jury rendered a verdict against the clear weight of the evidence.  For the following reasons,
Plaintiffs' motion for a new trial will be denied.

II.     Factual Background[2]

Mr. Repa is a fire police officer associated with the Cambridge Springs, Pennsylvania,
Fire Department.  During the early morning hours of May 2, 2017, he was present at the
intersection of Zillhaver Road/Kreitz Road and U.S. Route 19, a four-way intersection in the
Borough of Cambridge Springs.  Mr. Repa was directing traffic away from a major fire in the
town of Cambridge Springs, approximately 2.4 miles away.  Napierkowski was driving a
Hilltrux tanker-truck southwest on Route 19 at approximately 4:30 am when he approached the
intersection where Mr. Repa was directing traffic.  Napierkowski observed Mr. Repa and stopped
his truck just short of the intersection.  At that point, Mr. Repa and Napierkowski conversed for a
short time.  Although the parties disagree regarding Mr. Repa's precise instructions to
Napierkowski, both acknowledged that Mr. Repa directed Napierkowski to execute a left turn
onto Zillhaver Road.  As Napierkowski executed his left turn, the rearmost driver-side tire of his
tanker-truck struck and severely injured Mr. Repa's legs.

The parties offered conflicting testimony and other evidence regarding Mr. Repa's
actions and his position leading up to the accident as well as the track Napierkowski's
tanker-truck took through his execution of the left turn.  The jury returned a verdict in favor of
the Defendants.  Special jury interrogatory no. 1 asked whether Napierkowski was negligent in
the operation of his tanker-truck.  The jury answered this question in the negative.  As a result,
the jury did not reach the questions relating to causation or the Defendants' comparative
negligence defense.

---

[2] As of the issuance of this Opinion, no party has ordered a trial transcript.

III.    Assertions of Error and Grounds for Request for a New Trial

Plaintiffs argue that a new trial is necessary because (1) the Court erred in two aspects of

its instructions to the jury and, alternatively, (2) the jury returned a verdict against the clear

weight of the evidence. Plaintiffs assert that the Court incorrectly instructed the jury regarding

the standard of care that applied to Mr. Repa at the time of the accident by including "the

standard of care for pedestrians in a roadway having a particular amount of duty to watch for

traffic, despite Mr. Repa being a traffic officer and not a pedestrian." ECF No. 168, p. 1.

Plaintiffs also argue that the Court erred when it declined to instruct the jury on the statutory

definition of the term "roadway" and the specific duty of a driver as to a person on the shoulder

or berm of the road. *Id.*

IV.    Standard of Review

A district court may grant a new trial "to all or any of the parties and on all or part of the

issues in an action in which there has been a trial by jury." Fed. R. Civ. P. 59(a). A motion for

new trial rests in the district court's sound discretion. *McDonough Power Equip., Inc. v.*

*Greenwood,* 464 U.S. 548, 556 (1984) (citing *Montgomery Ward & Co. v. Duncan,* 311 U.S.

243, 251 (1940)). The extent of this discretion varies depending on the nature of error alleged.

*See Moussa v. Commonwealth of Pa. Dep't of Pub. Welfare*, 289 F. Supp. 2d 639, 648 (W.D. Pa.

2003) (citing *Klein v. Hollings*, 992 F.2d 1285, 1289–90 (3d Cir. 1993)). When a party seeks a

new trial based on erroneous jury instructions, the district court "must first determine whether an

error was made" and, if so, it "must then determine whether that error was so prejudicial that

refusal to grant a new trial would be inconsistent with substantial justice." *Jackson v. City of*

*Pittsburgh*, 2011 WL 3443951, at *8 (W.D. Pa. Aug. 8, 2011) (cleaned up). The purported

errors must be "substantial." *Murray v. Ennis*, 523 Fed. Appx. 901, 902 (3d Cir. 2013) (citing

3

*Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)). Jury instructions are to be assessed based on the "totality of the charge…," not merely a particular paragraph or sentence." *Dressler v. Busch Entm't Corp.*, 143 F.3d 778, 780 (3d Cir. 1998) (citing *In re Braen*, 900 F.2d 621, 626 (3d Cir. 1990)). The "charge, taken as a whole and viewed in light of the evidence, [must] fairly and adequately submit[ ] the issues in the case to the jury." *Id.* (citing *Tigg Corp. v. Dow Corning, Corp.*, 962 F.2d 1119, 1123 (3d Cir. 1992)). "The trial court should be reversed only if the instruction was capable of confusing and thereby misleading the jury." *Id.* (quoting *United States v. Rockwell*, 781 F.2d 985, 991 (3d Cir. 1986)).

"[A] party has no vested interest in any particular form of instructions; the language of the charge is for the trial court to determine." *Tigg Corp.*, 962 F.2d at 1124; *James v. Continental Ins. Co.*, 424 F.2d 1064, 1065 (3d Cir. 1970). The district court should not give a proposed instruction that misstates the law, *Acevedo-Luis v. Pagan*, 478 F.3d 35, 38 (1st Cir. 2007), or does not match the evidence at trial. *See Shaw v. Lauritzen*, 428 F.2d 247, 250 (3d Cir. 1970) ("it was not reversible error for the trial judge to refuse" a proposed instruction that "was worded in a confusing manner in the light of the evidence"). And parties "must propose a lawful instruction or correction, and not one that substantially overstates the law in that party's favor." *Parker v. City of Nashua, N.H.*, 76 F.3d 9, 12 (1st Cir. 1996); *cf. Russell v. Plano Bank & Tr.*, 130 F.3d 715, 719 (5th Cir. 1997) (on appeal, the party must "show as a threshold matter that the proposed instruction correctly stated the law.").

Furthermore, "[t]he district court [is] under no obligation to tinker with [a] flawed proposed instruction until it [is] legally acceptable." *Rogers v. Ingersoll-Rand Co.*, 144 F.3d 841, 845 (D.C. Cir. 1998) (*citing Parker v. City of Nashua, N.H.*, 76 F.3d 9, 12 (1st Cir. 1996)) ("[W]hen the instruction offered…is manifestly overbroad, the district judge may reject without

4

assuming the burden of editing it down to save some small portion that may be viable."). The district court is only obligated to rewrite an improper proposed instruction if a reformed version is needed to "accurately and fairly set[ ] forth the current status of the law" on a necessary point of law that is not already encompassed by the whole jury charge. *Douglas v. Owens*, 50 F.3d 1226, 1233 (3d Cir. 1995).

Moreover, if a jury instruction or the failure to give one was erroneous, a new trial is not required if the error was harmless. *See Komis v. Sec'y of United States Dep't of Lab.*, 918 F.3d 289, 297 (3d Cir. 2019) (citing *Harvey v. Plains Tp. Police Dep't*, 635 F.3d 606, 612 (3d Cir. 2011)). That is, "an error is harmless if it is highly probable that the error did not contribute to the judgment." *Id.* (internal quotation marks and citation omitted). *See also Murray v. United of Omaha Life Ins. Co.*, 145 F.3d 143, 156 (3d Cir. 1998).

In contrast to a challenge to a jury instruction, the district court's "discretion is more limited when granting a new trial on the basis that the jury's verdict is against the weight of the evidence." *Moussa v. Pa. Dep't of Pub. Welfare*, 289 F. Supp. 2d 639, 648 (W.D. Pa. 2003). The district court may grant a new trial only if the verdict was "contrary to the great weight of the evidence; that is, where a miscarriage of justice would result if the verdict were to stand." *Pryer*, 251 F.3d at 453, or the verdict "cries out to be overturned or shocks our conscience." *Williamson v. Consolidated Rail Corp.*, 926 F.2d 1344, 1353 (3d Cir. 1991). A new trial is not justified "because the evidence was sharply in conflict, because the jury could have drawn different inferences or conclusions, or because another result is more reasonable." *Shushereba v. R.B. Indus., Inc.,* 104 F.R.D. 524, 527 (W.D. Pa. 1985). That is, "a verdict may not be set aside when it is plausible or when it has a rational basis." *Moussa*, 289 F. Supp. 2d at 648 (citing *Delli Santi v. CNA Ins. Cos.*, 88 F.3d 192, 202 (3d Cir. 1996)). This limit on the district court's power

5

respects the jury's role by "ensur[ing] that a district court does not substitute its judgment of the facts and the credibility of witnesses for that of the jury." *Fineman v. Armstrong World Indus., Inc.,* 980 F.2d 171, 211 (3d Cir. 1992) (citation and internal quotation marks omitted).

V.    Discussion

A. The Asserted Errors in the Court's Instructions Regarding Repa's Duty of Care Were Harmless.

When a party seeks a new trial based on an erroneous jury instruction, the court typically first considers whether the assertion of error has merit and, if the court finds that it does, then it assesses the extent to which the error has prejudiced the moving party. *Jackson*, 2011 WL 3443951, at *8. In this case, however, the Court will reverse this order of analysis as to the asserted errors in the Court's instructions regarding Mr. Repa's duty of care because any such errors were facially harmless. As noted, an error in a civil case is harmless "if it is highly probable that the error did not contribute to the judgment." *Komis v. Sec'y of United States Dep't of Lab.*, 918 F.3d 289, 297 (3d Cir. 2019). In this case, the verdict slip listed six questions. The first question asked: "Was Defendant Frank Napierkowski negligent?"—to which the jury answered "no." ECF No. 166, p. 1. The jury never reached the question whether Mr. Repa was negligent. Thus, any flaw in the instruction regarding his duty of care could not have affected the jury's verdict. Having found that Mr. Napierkowski was not negligent in the operation of his vehicle, the jury had no reason or occasion to reach issues regarding Mr. Repa's duty of care. The instructions regarding Mr. Repa's duty of care related to the Defendants' contributory/comparative negligence defense, which the jury never reached. Because any flaw in those instructions could not have affected the jury's verdict, it necessarily follows that any such error was harmless. *See Komis*, 918 F.3d at 297-98 (concluding alleged error in jury instructions was harmless when "the jury would have reached the same result had it been instructed

6

according to" the party's desired instruction) (quoting *Murray v. United of Omaha Life Ins. Co.*, 145 F.3d 143, 156–57 (3d Cir. 1998)); *Co. Wrench, Ltd. v. Highway Equip. Co.*, 2014 WL 4546793, at *8 (W.D. Pa. Sept. 12, 2014) (holding harmless the alleged error in a jury instruction when the jury never reached that issue's relevant question on its verdict form because it answered "no" to a necessary preceding question).

### B. The Court Properly Instructed the Jury on Mr. Repa's Duty of Care.

In any event, the Court properly instructed the jury concerning Mr. Repa's duty of care. The Court instructed the jury that both Napierkowski and Mr. Repa had a duty to exercise reasonable care under the circumstances based on what a reasonably careful person would do or not do under the circumstances. *See* ECF No. 167-1. The Court charged the jury as follows:

> Mr. and Mrs. Repa are pursuing a negligence claim against Mr. Napierkowski and Hilltrux Tank Lines relating to Mr. Napierkowski's alleged careless or unreasonable operation of his tanker truck on May 2, 2017. The Repas assert that as a result of this alleged negligence, Robert Repa sustained serious personal injuries and incurred other losses, and that Mrs. Repa was also damaged as a result.

> General Liability Instruction: Negligence

> In order to recover on their negligence claim against Mr. Napierkowski and Hilltrux, the Repas must prove by a preponderance of the evidence that Mr. Napierkowski breached or violated a duty of care to Mr. Repa and that Mr. Repa suffered injury or damages as a result of that breach of duty. The mere happening of an accident does not establish negligence.

> Negligence: Duty to Act with Reasonable Care

> A person must act in a reasonably careful manner to avoid injuring or harming others.

> The care required varies according to the circumstances and degree of danger at a particular time.

> You must decide how a reasonably careful person would act under the circumstances established by the evidence in this case.

7

A person who does something a reasonably careful person would not do under the circumstances is negligent.

A person can also be negligent by failing to act. A person who fails to do something a reasonably careful person would do under the circumstances is negligent.

The scope of an individual's duty of care extends to those risks that are reasonably foreseeable under the circumstances.

A driver has a duty to operate his vehicle in a manner so as not to expose others on the road to an unreasonable risk of harm.

When a driver is starting his vehicle from a stopped position, he must ascertain whether he can make such a movement safely. Thus, a driver has a duty to maintain a proper lookout and to assure himself that no pedestrians will be injured by his movement.

At the same time, a person has a duty to use reasonable care to maintain a lookout for vehicles lawfully and foreseeably operated in the roadway.

ECF No. 167-1, pp. 13-16.

The Court modelled its duty of care instruction on § 13.10 of the Pennsylvania Suggested Standard Civil Jury Instructions. *See* § 13.10 (Civ) Negligence, Pa. SSJI (2020). Pennsylvania courts have repeatedly approved this Standard Jury Instruction as an accurate statement of Pennsylvania law and as an appropriate instruction concerning the standard of care in a negligence action.[3] *See Grove v. Port Auth. of Allegheny Cty.*, 218 A.3d 877, 889 (2019) (reversing the Pennsylvania Commonwealth Court's remand for new trial and noting that trial court's use of § 13.10 (Civ) Negligence, Pa. SSJI (2020) was the appropriate jury charge on duty of care). *See also*, *Reppond by Reppond v. Ferrante*, 2018 WL 460963, at *3 (Pa. Super. Ct. Jan. 17, 2018) (citing *Krepps v. Snyder*, 112 A.3d 1246, 1256 (Pa. Super. Ct. 2015) (in a case about allegedly negligent operation of a vehicle, "[t]he trial court's instruction of negligence from Section 13.10 of the Pennsylvania Suggested Standard Civil Jury Instructions accurately

---

[3] The parties agree that Pennsylvania substantive law applies in this diversity action.

reflected Appellee's duty of care and was sufficient to guide the jury in its deliberations.");

*Medley v. Se. Pa. Trans. Auth.*, 238 A.3d 531 (Pa. Commw. Ct. 2020) (approving use of

Pennsylvania Suggested Standard Civil Jury Instruction 13.10 (2012) for the duty of care).

Plaintiffs argue that the portion of the charge that instructed that "[a] person has a duty to

use reasonable care to maintain a lookout for vehicles lawfully and foreseeably operated in the

roadway" improperly "included the standard of care for pedestrians in a roadway having a

particular amount of duty to watch for traffic, despite Mr. Repa being a traffic officer and *not a*

*pedestrian*." ECF No. 168, p. 1 (emphasis added).  The Court overruled Plaintiffs' objection on

the grounds that (1) the Court's instruction, as drafted, properly accounted for Mr. Repa's status

as a traffic officer when it instructed the jury to consider the conduct of each actor in the context

of the circumstances existing at the time of the accident, and (2) the premise of the objection—

that differing standards of care apply to pedestrians and traffic control officers—is not consistent

with Pennsylvania law and, if incorporated in the charge, likely would have misled and confused

the jury.

The Court also declined to give the following additional instruction proposed by

Plaintiffs:

> In considering the degree of care which the plaintiff was required
> to exercise for his own safety, an important factor is the nature and
> requirements of his work.
>
> An officer directing traffic, in order to properly discharge his
> duties, is required to assume a position on a highway that is
> necessarily a place of danger. In order to perform his assigned
> duties with reasonable adequacy, an officer directing traffic is not
> legally required to watch constantly and continuously for the
> approach of vehicles from any and all directions.

ECF No. 125, p. 3. The Court rejected this proposed instruction because the relevant negligence and reasonable care principles applicable to all actors, including Mr. Repa, were adequately covered by the Court's charge as drafted, and Plaintiffs' proposed charge was factually unbalanced and misstated Pennsylvania law.

Plaintiffs cited two Pennsylvania Supreme Court cases, *Shaffer v. Torrens*, 58 A.2d 439 (Pa. 1948) and *Phillips v. Philadelphia Transp. Co.*, 358 Pa. 265, 56 A.2d 225 (Pa. 1948), in support of their requested charge. In their motion for new trial, they contend that Pennsylvania law "has long held that the duties of a traffic officer discharging his duties on a roadway with respect to his own safety are *lesser* than that of pedestrians walking upon on (sic) that same roadway." ECF No. 168, pp. 4-5 (emphasis in original). Neither case supported Plaintiffs' position. The language from each case upon which Plaintiffs relied did not adopt a "lesser" standard of care for traffic officers but, instead, simply summarized the facts and circumstances that supported the verdict in each case. In other words, the language upon which Plaintiffs relied reflected a specific factual application of the general standard of care, not a statement of law to be incorporated in a charge to the jury. The precise language of *Shaffer* upon which Plaintiffs relied in support of their proposed charge states:

> In considering the degree of care which the plaintiff was required to exercise for his own safety, an important factor is the nature and requirements of his work: *Phillips v. Philadelphia Transportation Co.*, 358 Pa. 265, 268, 56 A.2d 225, 226. *The proper discharge of the duties of his employment required him to assume a position on the highway which, in view of the heavy traffic, was necessarily a place of danger. In order to perform his assigned duties with reasonable adequacy, he could not be expected, nor did the law require him, to watch constantly and continuously for the approach of cars from any and all directions.*

*Shaffer*, 359 Pa. at 190, 58 A.2d at 440 (emphasis supplied).

10

As the foregoing language reflects, the *Shaffer* Court was describing the plaintiff's specific circumstances relevant to the jury's finding that the plaintiff exercised due care prior to the accident. In sustaining the verdict based on the evidence in that case, the Pennsylvania Supreme Court noted that the "proper discharge of the duties of [the plaintiff's] employment," required that he "assume a position on the highway." *Id.* The Court also noted "the heavy traffic" at the scene that made it "necessarily a place of danger." *Id.* In the present case, the evidence at trial was that no other traffic was present at the intersection where Mr. Repa was directing traffic when the accident occurred. And the record includes little evidence, if any, regarding Mr. Repa's specific employment responsibilities. Nevertheless, based on the Court's general charge, Plaintiffs' counsel was free to argue, and did argue, to the jury that Mr. Repa's actions and the degree of care and lookout he exercised were entirely reasonable considering his employment responsibilities and the specific circumstances at the scene under which he was performing them.

Plaintiffs have not cited, and the Court's own research has not disclosed, any reported decision holding that an instruction like the one proposed by Plaintiffs should be given when the plaintiff is an officer directing traffic. Charging the jury on the general standard of care was sufficient and allowed each party to argue to the jury how that standard should be applied to all relevant actors based on the evidence. *See Medley*, 238 A.3d 531 (rejecting need for trial court to instruct on the duty of care beyond Pennsylvania Suggested Standard Civil Jury Instruction 13.10).

The Court's charge was factually neutral. In contrast, Plaintiffs proposed charge would have included an interpretation of the evidence that favored Plaintiffs, which the Court deemed improper. In addition, the premise upon which Plaintiffs proposed their instruction is not

11

supported by Pennsylvania law. No court has held that a traffic control officer is subject to a

"lesser" standard of care than others, including a pedestrian. Rather, as recognized by the model

charge, the general standard of care accounts for the circumstances of the actor at issue,

including his or her job responsibilities and the conditions under which he or she is required to

perform those responsibilities. The appropriateness of the Court's charge is further supported by

*Phillips*, wherein the Pennsylvania Supreme Court described the duty of the plaintiff in that case

as requiring that he "keep a reasonable lookout and to exercise care in the circumstances

commensurate with the dangers and consistent with his faithful performance of the duties of his

employment." 358 Pa. at 268, 56 A.2d at 226. Indeed, in *Shaffer,* the Court similarly stated that

the plaintiff had a duty "to keep a reasonable lookout for his safety, commensurate with the

dangers of his place of work and consistent with the faithful and efficient performance of his

work." *Shaffer*, 58 A.2d at 192. Such a person retains a "duty of making proper observations of

oncoming traffic and, in general, taking reasonable precautions for his own safety." *Id.* at 433.

*See also Lonasco v. Veill*, 45 A.2d 417, 418 (Pa. Super. Ct. 1946) (jury question existed whether

plaintiff stood in a "dangerous" position and if he exercised reasonable care while cleaning snow

off his parked truck when he was struck by a taxicab); *Susser v. Wiley*, 350 Pa. 427, 432 (Pa.

1944) (a person engaged in activity on the highway "is not relieved from the duty of paying

some reasonable amount of attention to traffic, and in such cases it is for the jury to determine

whether he exercised the degree of care to be expected of an ordinarily prudent man under all the

circumstances and commensurate with the danger of the place he was occupying"). The Court's

charge incorporated these principles. "The trial court was not obligated to use any specific

language to convey these principles to the jury." *Medley*, 238 A.3d 531.   While the Court could

have referred to "job responsibilities" and other relevant considerations in its duty of care

instruction, this was not required to make the instruction an accurate and fair statement of

Pennsylvania law on the subject. Further, Plaintiffs' proposed jury instruction on this subject

was factually unbalanced. They never proposed a less sweeping instruction on duty of care in

the circumstances presented by this case, and the Court "was under no obligation to tinker with

the flawed proposed instruction until it was legally acceptable." *Rogers*, 144 F.3d at 845

(citation omitted).

For these reasons, Plaintiffs' motion for new trial based on asserted errors in the Court's

instructions concerning Mr. Repa's duty of care must be denied.[4]

> C. Plaintiffs are not Entitled to a New Trial Based on the Court's Refusal to
> Charge the Jury on the Definition of "Roadway."

Plaintiffs also seek a new trial because the Court declined to define the term "roadway"

in its instructions to the jury. Pennsylvania law defines "roadway" as follows:

> "Roadway." That portion of a highway improved, designed
> or ordinarily used for vehicular travel, exclusive of the
> sidewalk, berm or shoulder even though such sidewalk,
> berm or shoulder is used by pedalcycles. In the event a
> highway includes two or more separate roadways the term
> "roadway" refers to each roadway separately but not to all
> such roadways collectively.

75 Pa. C.S. § 102.

Plaintiffs requested that the Court provide this statutory definition to the jury as a

supplement to its instruction that "a person has a duty to use reasonable care to maintain a

lookout for vehicles lawfully and foreseeably operated on the roadway." The Court declined to

do so because (1) the definition would not have aided the jury in applying the law to the

---

[4] Given the foregoing, the Court need not address Defendants' argument that Plaintiffs waived their right to submit
jury instructions on the duty of care applicable to a traffic officer.

evidence, (2) Plaintiffs did not propose a negligence *per se* jury instruction or any other proper jury instruction that might have made the definition necessary for the jury's understanding, and, in any event, (3) the record included insufficient evidence upon which the jury could apply the definition to differentiate the "roadway" from any sidewalk, berm, or shoulder

An instruction defining "roadway" was unnecessary, especially considering the instructions proposed and *not proposed* by Plaintiffs. That term is self-explanatory and within the common understanding of the jury. As such, the jury did not need the court to define it. *See United States v. El-Battouty*, --- F.4th ---, No. 20-1674 (3d Cir. June 28, 2022) ("'Transporting' and 'distributing' are ordinary terms that the jury could understand without further detail. The same is true of 'in concert with' — which connotes mutual agreement or a common plan."). And "[a]s long as the instructions are accurate in substance and understandable to lay persons, the failure to use the exact words requested by counsel is not reversible error." *DiFiore v. CSL Behring, LLC*, 879 F.3d 71, 79 (3d Cir. 2018) (internal quotation marks and citation omitted). Conflicting evidence was presented at trial regarding Mr. Repa's location at the time he was struck by the rear wheel of Napierkowski's tanker-truck. Plaintiffs offered evidence that Mr. Repa was standing along the edge of the road next to the guardrail when he was struck. Defendants offered evidence that Mr. Repa moved from a place of safety into the path of Napierkowski's rear driver's-side wheel as Napierkowski executed his turn. The statutory definition of "roadway" would not have assisted the jury in evaluating this conflicting evidence or any other issue in the case.

In their reply brief in support of their motion for a new trial, Plaintiffs argue for the first time that the definition of "roadway" was necessary to demonstrate Mr. Napierkowski's violation of Pennsylvania motor vehicle law. In support of this position, they cite 75 Pa.C.S.A.

14

§ 3309.[5]  ECF No. 172, pp. 4-5.  This section of the Pennsylvania Motor Vehicle Code provides in relevant part:

> Whenever any roadway has been divided into two or more clearly marked lanes for traffic the following rules in addition to all others not inconsistent therewith shall apply:
>
> (1) Driving within single lane.--A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from the lane until the driver has first ascertained that the movement can be made with safety.
>
> ***
>
> (4) Prohibitions against changing lanes.--Official traffic-control devices may be installed prohibiting the changing of lanes on a section of roadway and drivers of vehicles shall obey the directions of every such device.

The potential relevance of the foregoing statute to any party's version of the events that led to the accident is dubious, at best.  It appears to speak to the responsibilities of a driver when switching lanes on a roadway that "has been divided into two or more clearly marked lanes for traffic."  It does not appear to speak to a scenario where one of the rear tires of a vehicle enters the shoulder or berm of the road as the vehicle executes a turn, as reflected by the heading "Driving in a single lane."  Given the apparent inapplicability of the statute to the evidence adduced at trial, any charge based on this statute would have served no purpose other than to confuse the jury.

More importantly, Plaintiff never requested a negligence *per se* or any other form of jury instruction based on this statute.  Thus, they have waived any issue regarding a charge based on

---

[5] Plaintiffs' argument here is difficult to follow.  They appear to argue that this section of the Motor Vehicle Code was relevant to whether Mr. Repa reasonably should have anticipated that Napierkowski's rear tire would cross onto the shoulder or berm of the road. ECF No. 172, pp. 4-5.  To the extent this is their argument, it is irrelevant because the jury never reached the issue of Mr. Repa's potential comparative negligence.  To the extent they are arguing that Mr. Napierkowski was negligent *per se*, the argument is waived because they never raised this position at trial.  And, in any event, the statute does not speak to any version of the facts supported by the trial evidence.

or related to the statute. Plaintiffs' untimely invocation of § 3309 appears to be an attempt to bolster their argument that charging the jury on the definition of "roadway" was necessary or as support for their position that Napierkowski's liability should have been obvious to the jury. Such requests and arguments should have been presented prior to finalization of the charge. Having failed to raise them in a timely fashion, they cannot serve as a basis for granting a new trial.

Plaintiffs also argue that the jury should have been instructed "that travelling upon the shoulder without first ascertaining whether it can be done safely is unlawful." ECF No. 68, p. 8. Again, however, Plaintiffs never proposed such an instruction. They never proposed a negligence *per se* charge or any other charge relating to Napierkowski's duty of care to a person located on the shoulder of the road.[6] Therefore, they waived this assertion of error. *See Simmons v. Philadelphia*, 947 F.2d 1042, 1078 (3d Cir. 1991) (citing Fed. R. Civ. P. 51) ("in order to preserve an objection...to a failure to instruct the jury on an issue...," a party must clearly "object[ ] thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection."); *McAdam v. Dean Witter Reynolds*, 896 F.2d 750, 759 (3d Cir. 1990) (declining to consider newly developed argument about a jury charge deficiency where party "failed to specifically and clearly object to either the charge or the entry of a judgment...based on this charge").

Moreover, Plaintiffs argued to the jury that Mr. Repa was standing at or near the guardrail when he was struck by the rear wheel of Napierkowski's vehicle and that Napierkowski

---

[6] The only proposed charge relating to a person located on the shoulder of the road dealt with comparative negligence and apportionment of fault : "If you find that Defendant's trailer struck Plaintiff while Plaintiff was located on the shoulder of the road (*i.e.* between the white line and the guardrail), and you also find that Defendant had room in which he could have safely passed the plaintiff without his trailer crossing onto the shoulder, you may not apportion any percentage of fault to the plaintiff." ECF No. 163.

16

executed his turn in a manner that caused his driver's-side rear wheel to enter an area that

Mr. Repa reasonably assumed was a position of safety. The charge as given fairly instructed the

jury on Napierkowski's duty of care under the interpretation of the facts argued by Plaintiffs.

The Court provided an appropriate jury instruction specific to these circumstances supported by

the evidence at trial without adopting or favoring either party's proposed interpretation of the

evidence. The Court instructed:

> When a driver is starting his vehicle from a stopped position, he
> must ascertain whether he can make such a movement safely.
> Thus, a driver has a duty to maintain a proper lookout and to assure
> himself that no pedestrians will be injured by his movement.

ECF No. 167-1. The Court charged that Napierkowski's duty of care included maintaining a

lookout for persons as he went from a stopped position and proceeded to execute his left turn.

No "fundamental" or "highly prejudicial" error or one that led to a "miscarriage of justice"

existed in the charge as given. *Cooper Distrib'g v. Amana Refrig.*, 180 F.3d 542, 549–550 (3d

Cir. 1999). The jury charge, "as a whole, stated the correct legal standard." *Ryder v.*

*Westinghouse Elec. Corp.*, 128 F.3d 128, 135 (3d Cir. 1997).

Finally, a party's proposed jury instruction requires evidentiary support. *See United*

*States v. Davis,* 183 F.3d 231, 250 (3d Cir. 1999); *Shaw*, 428 F.2d at 250. No testimony or

exhibits distinguished between the roadway and the shoulder such that the jury could reasonably

differentiate between them based on the statutory definition. While the record includes some

testimony about a possible faded white line on the edge of the road before the accident scene, no

testimony or exhibit supported that any marking or other feature distinguished the roadway from

a berm or shoulder in the immediate area where the accident occurred. Indeed, the evidence at

trial indicated that any distinguishing mark that may have existed between the road and any berm or shoulder at the intersection no longer existed as of the date of the accident.

Therefore, the Court's failure to charge the jury on the definition of "roadway" and any further duty of a driver as to persons on the berm or shoulder do not support the granting of a new trial.

### D. The Jury's Verdict Was Not Against the Clear Weight of the Evidence.

The parties presented conflicting evidence at trial regarding Mr. Repa's location and movements at the time of the accident, the course Napierkowski's vehicle took as he executed his left turn, and the extent to which Napierkowski made proper observations as he executed that turn. The jury concluded that Plaintiffs had failed to prove by a preponderance of the evidence that Napierkowski acted negligently when he executed his left turn and his rear wheel struck Mr. Repa. Because the record includes evidence to support this finding, Plaintiffs have failed to meet the "stringent standard" to show that the verdict contravened the clear weight of the evidence. *Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061, 1076 (3d Cir. 1996).

The Court has even less discretion to order a new trial on this ground because "[w]here the subject matter of the litigation is simple and within a layman's understanding, the district court is given less freedom to scrutinize the jury's verdict than in a case that deals with complex factual determinations." *Williamson v. Consol. Rail Corp.*, 926 F.2d 1344, 1352 (3d Cir. 1991) (internal citations omitted). The issue of whether Napierkowski exercised reasonable care at the time of the accident was relatively straightforward. Based on the evidence, the jury found that Napierkowski did not breach his duty of care when he proceeded from a stopped position and executed his left turn. Where, as here, the trial produces conflicting evidence "subject to two

18

interpretations," the court should not substitute its judgment for that of the jury and order a new

trial. *Klein v. Hollings*, 992 F.2d 1285, 1295 (3d Cir. 1993). Because the evidence, viewed in

the light favorable to verdict-winner, reasonably supports the jury's verdict, the Court has no

discretion to set aside the verdict. *See Moussa*, 289 F. Supp. 2d at 648 (citing *Delli Santi*, 88

F.3d at 202). The Court cannot say that the verdict represents a "miscarriage of justice" that

"cries out to be overturned," or "shock[s] [the Court's] conscience."[7] *Pryer*, 251 F.3d at 453;

*Williamson*, 926 F.2d at 1353.

Plaintiffs also argue that the jury's verdict was against the weight of the evidence because

Napierkowski was negligent *per se* for allegedly violating the Pennsylvania Motor Vehicle Code.

This argument is unavailing for at least two reasons. First, as discussed above, Plaintiffs waived

the issue because they never requested a jury instruction on negligence *per se*. *See Lesende v.*

*Borrero*, 752 F.3d 324, 335 (3d Cir. 2014) ("[A] party objecting to…the lack of an instruction

must raise the objection 'on the record,") (citation and internal quotation marks omitted);

*Sharrow v. Roy*, 2009 WL 3101031, at *3 (M.D. Pa. Sept. 23, 2009) (moving party failed to

preserve issue of failure to charge on negligence *per se* when failing to object at trial). Plaintiffs

needed to specifically request such an instruction because negligence *per se* "is a separate legal

theory having elements and underlying rationales different from the other two theories."

*McCloud v. McLaughlin*, 837 A.2d 541, 544 (Pa. Super. Ct. 2003) (issue of negligence *per se*

---

[7] The Court also notes that Plaintiffs have not ordered a trial transcript. This omission cuts against their weight-of-the-evidence argument because they carry the burden of persuasion on a motion for new trial. *See U.S. Sec. & Exch. Comm'n v. Knight*, 694 Fed. Appx. 853, 855 n.1 (2d Cir. 2017), as amended (June 7, 2017) ("failure to provide the entire trial transcript precludes meaningful review of whether, based on all the evidence submitted at trial, the verdict was "(1) seriously erroneous or (2) a miscarriage of justice," dismissing appellant's challenge to denial of motion for new trial). "Without the transcript and citation to the testimony upon which [P]laintiffs rely," the Court has no basis to rule that the jury's verdict contravened the great weight of the evidence. *See Warr v. Liberatore*, 2019 WL 3288148, at *3 (W.D.N.Y. July 22, 2019).

waived when appellant argued absolute liability and ordinary negligence at trial). Because Plaintiffs did not request instructions on negligence *per se* or otherwise raise this argument at trial, they have waived this argument as a basis of their motion for new trial.

Second, the evidence at trial was far from clear that Napierkowski violated any statutory duty at the time of the accident.[8] As noted, the parties presented conflicting evidence concerning Mr. Repa's location, the path of Napierkowski's vehicle, and his observations as he executed the turn. The jury could reasonably interpret this evidence as insufficient to support a finding that Napierkowski violated any statutory duty or his duty of reasonable care. Thus, the Court has no discretion to order a new trial on this ground.

VI.   Conclusion

Plaintiffs' Motion for New Trial will be DENIED. A separate Order follows.

DATED this 10th day of August, 2022

BY THE COURT:

RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE

---

[8] When a party fails to preserve an issue, a district court may still order a new trial if the instruction's absence was a "fundamental and highly prejudicial" error. *Wagner v. Firestone Tire & Rubber Co.*, 890 F.2d 652, 658 (3d Cir. 1989). Here, Plaintiffs have not shown that it was a "miscarriage of justice" for Court not to instruct on negligence *per se*. *Beardshall v. Minuteman Press Int'l, Inc.*, 664 F.2d 23, 27 (3d Cir. 1981). The jury was still able to assess whether Napierkowski acted reasonably under the circumstances by following the Court's charge on negligence. *See Sharrow*, 2009 WL 3101031, at *4 (M.D. Pa. Sept. 23, 2009) (district court "unconvinced that the failure to give the negligence *per se* instruction was highly prejudicial.").